324 P.2d 1011

OREM CITY CORPORATION, a municipal corporation, Plaintiff and Appellant,

v.

Joseph M. TRACY, State Engineer, et al., Defendants and Respondents.

No. 8767.

Supreme Court of Utah.

April 30, 1958.

---

2. Ewing v. Merkley, supra. Volker Lumber Co. v. Utah & Oregon Lumber Co., supra. Pulsipher v. Chinn, 69 Utah 401, 255 P. 439.

Hugh V. Wentz, Provo, for appellant.

E. R. Callister, Jr., Atty. Gen., Robert B. Porter, Jr., Asst. Atty. Gen., A. Pratt Kesler, U. S. Dist. Atty., Fisher Harris, Salt Lake City, Christensen, Novak & Paulson, Provo, for respondents.

WORTHEN, Justice.

Appellant, Orem City Corporation, appeals from an order dismissing its complaint with prejudice on the ground that it failed to state a claim upon which relief could be granted.

On the 22nd of May, 1956, Orem City Corporation, a municipal corporation, filed an application with the State Engineer of the State of Utah, designated application number 28194, whereby it made application to appropriate 9.33 second feet of water for municipal purposes. This application was denied on January 15, 1957, and on March 15, 1957, appellant filed the above-mentioned complaint in the Fourth Judicial District Court seeking reversal of the State Engineer's denial of application No. 28194.

Appellant's application to the State Engineer identified the water to be appropriated as:

"The 9.33 second feet pertaining to this application refers to water as determined and defined under the decision of the Supreme Court of the State of Utah No. 8390 and 8391, Provo Bench Canal & Irrigation Co. et al. v. Harold A. Linke, as State Engineer of the State of Utah, and the United States of America through its Bureau of Reclamation, Department of the Interior [5 Utah 2d 53, 296 P.2d 723]."

This case before the court is related in many respects to the cases United States v. District Court of Fourth Judicial District, 121 Utah 1, 238 P.2d 1132, rehearing denied 121 Utah 18, 242 P.2d 774, and Provo Bench

Canal & Irrigation Co. v. Linke, 5 Utah 2d 53, 296 P.2d 723, 724. The basic fact situation was summarized by this Court in Provo Bench Canal & Irrigation Co. v. Linke, supra, as follows:

"In the construction of the Deer Creek Reservoir the U.S.A. acquired certain lands most of which are at times covered by the water stored in such reservoir. It also acquired a maximum total water right of 52.492 second feet which prior thereto had been used to irrigate such lands. In June of 1945, the U.S.A. filed with the State Engineer two applications to change the place of diversion and use of such waters to a place below the mouth of Provo Canyon. During the hearing of the protests of the lower water users before the State Engineer and in the District Court, the applications were reduced from 52.492 second feet to 9.33 second feet which amount the District Court found that under pre-reservoir conditions was consumed by evaporation and transpiration of plant life without increasing or enhancing the amount of water available to the lower users."

The decision, in that case, filed by this court on May 1, 1956, reversed the trial court and remanded the case, ordering the change applications to be approved to the extent of 9.33 second feet of water.

Thereafter on May 22, 1956, the appellant filed its application, designated No. 28194, in the office of the State Engineer under which it sought to appropriate for municipal purposes the same 9.33 second feet of water. The application was denied on the ground that this water had long since been the subject of appropriation and the right to use the water belonged to the United States.

There can be no question that the appellant herein is attempting to appropriate the same water disposed of in the Provo Bench Canal & Irrigation Co. case, supra, for in paragraph 13 of the complaint the appellant alleged:

"That in the Supreme Court decision of the State of Utah wherein Provo Bench Canal and Irrigation Company, a corporation, et al., was plaintiff and respondent, said case bearing file number 8390 and 8391, which said Supreme Court decision * * * determined that there was 9.33 second feet of water from the flow of waters in the Provo River and Deer Creek Reservoir that was available as a result of the impounding of the waters in the Deer Creek Reservoir; that as a result there is available unused water not heretofore appropriated, nor has an application to appropriate said 9.33 second feet of water been filed by other than Plaintiff; that Plaintiff can appropriate said water and put the same to beneficial use; that Plaintiff made application to the Utah State Engineer to appropriate

said 9.33 second feet of water, which is unused and available for Plaintiff to appropriate; that a copy of said Supreme Court decision, marked Exhibit 'B' is attached hereto and made a part hereof; * * *."

The decision of this court referred to in the application and complaint does not state that there is available unappropriated water, but instead gives the U.S.A. a right to change the point of diversion of water that had already been appropriated. Since this is the case the complaint was properly dismissed. Affirmed. Costs to respondents.

McDONOUGH, C. J., and CROCKETT, WADE and HENRIOD, JJ., concur.